## Osborne, Appellant, *v.* Sundheim.

*Trespass—Damages—Loss of employment—Attorney at law.*

A passenger in a street car, had his face slightly scratched by glass in a collision. At the instance of an acquaintance he went to the office of two attorneys and instructed them to bring an action against the company. He was examined by a physician employed by the attorneys, who reported to them and to him that there was no evidence of injury. He was subsequently examined by a physician employed by the railway company at the office of the physician who had first examined him. After the second examination the plaintiff, fearing that he would lose his position in a department store in which he was employed because of having brought the action, directed his attorneys to abandon it, and they did so. The head of the department in which he was employed discharged him because of information received when the officers of the railway company were making an investigation as to the extent of his injury. He subsequently brought an action against the attorneys and the acquaintance who introduced him to them to recover damages caused by the loss of employment. *Held,* that he had no cause of action.

Argued Jan. 18, 1909. Appeal, No. 206, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 2,121, on verdict for defendants in case of John L. Osborne *v.* Joseph Sundheim, Harry G. Sundheim and Edgar Engle. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for loss of employment. Before RALSTON, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*John H. Fow,* for appellant.

*W. Horace Hepburn,* for appellees.

Per CURIAM, March 22, 1909:

The plaintiff was a passenger in a car of the Philadelphia

Rapid Transit Company, that collided with another car, and his face was slightly scratched by a piece of broken glass. He lost no time and incurred no expense because of the injury. At the instance of an acquaintance he went to the office of two attorneys and instructed them to bring an action against the company. He was examined by a physician employed by the attorneys, who reported to them and to him that there was no evidence of injury. He was subsequently examined by a physician employed by the transit company at the office of the physician who had first examined him. After the second examination the plaintiff, fearing that he would lose his position in a department store in which he was employed because of having brought the action, directed his attorneys to abandon it, and they did so.

The head of the department in which he was employed discharged him because of information received when the officers of the traction company were making an investigation as to the extent of his injury. This action is against the attorneys and the acquaintance who introduced the plaintiff to them, to recover damages caused by the loss of employment.

This was the whole case presented by the plaintiff, and all that need be said of it is that there was an entire failure to establish a cause of action, and that a verdict for the defendant was properly directed.

The judgment is affirmed.